1
2
3
4
5
6                  IN THE UNITED STATES DISTRICT COURT

7                 FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   JAMES FERNANDEZ, a person;              1:16-cv-1612  AWI JLT

10                       Plaintiff,
                                            MEMORANDUM OPINION AND
11              vs.                         ORDER ON DEFENDANTS' MOTION
                                            TO DISMISS AND TO STRIKE
12  NORTH KERN STATE PRISON, a
    governmental entity, and a division of
13  CALIFORNIS DEPARTMENT OF                Doc. # 3
    CORRECTIONS; ALEXAMDER M.
14  AUSTRIA, M.D., LEIF AGBAYANI, T.
    GARCIA; ROLANDO D. ROBLES;
15  SMALLS; BELTRANS; DUNCAN; and
    DOES 1-20,
16
17                       Defendants.

18

19

20          This is an action for damages by defendant James Fernandez ("Plaintiff") against North

21  Kern State Prison ("NKSP") and individuals involved in the delivery of medical care on behalf

22  of NKSP to Plaintiff.  The action, originally filed in the Superior Court of Kern County, was

23  removed to this court on October 25, 2016.  Currently before the court is the motion of

24  defendants NKSP, et al. ("Defendants") for dismissal of all or portions of Plaintiff's complaint

25  pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Federal subject matter

26  jurisdiction pursuant to 28 U.S.C. § 1331 based on Plaintiff's claim pursuant to 28 U.S.C. §

27  1983.  Venue is proper in this court.

28

**FACTUAL BACKGROUND AND PROCEDURAN HISTORY**

At the time of events giving rise to this action, Plaintiff was an inmate at KVSP.  On or about August 8, 2016, Plaintiff reported inflammation in his eyes.  On August 12, 2015, Plaintiff was seen for his eye inflammation by Defendant Alexander M. Austria, M.S. ("Austria"), who prescribed the drug clotomozole to be applied directly in Plaintiffs eyes.  It appears that Plaintiff was not informed of the name of the drug prescribed at the time, but was told only to apply it to his eyes.  Plaintiff did so in the presence of the dispensing nurse Leif Agbayani ("Agbayani") and experienced "an immediate intense burning sensation in his eyes."  Doc. # 1 at 15:26.  Agbayani expressed no surprise and directed Plaintiff to appear later the same day for a second dose.  Plaintiff returned later the same day as directed and the same medication was dispensed by Defendant Garcia who also expressed no surprise when Plaintiff reported a burning sensation that was more intense that he felt following the first dose.

Plaintiff returned for a third dose the following day as ordered.  On this occasion, the medication was dispensed by Defendant Hurtado.  Prior to applying the medication to his eyes, Plaintiff asked Hurtado what the medication in the bottle was.  Hurtado replied that the medication in the bottle was clotomozole, a drug used to treat fungal infections of the toenails.  Plaintiff alleges Hurtado expressed no surprise at the fact Plaintiff had been directed to apply the drug to his eyes and that doing so had caused intense burning and that he was still experiencing intense burning in his eyes.  Plaintiff alleges Hurtado "did nothing to alleviate Plaintiff's distress nor treat the eyes for an obvious injury.  Doc. # 1 at 16:17.  Plaintiff alleges that he requested that Hurtado and correctional officer Smals take Plaintiff to one of the prison doctors for immediate treatment, but the request was refused.

Plaintiff alleges he made further requests for treatment for his burning eyes but Defendants repeatedly "refused to authorize additional treatment, telling him that his eye was not seriously damaged."  Doc. # 1 at 16:24-25.  It is not clear from the complaint whether Plaintiff alleges his eyes were examined and further treatment was denied or whether further treatment including examination by a physician was denied.  Plaintiff alleges that he did receive an examination of his eyes by a prison physician on August 15, 2015, because Plaintiff forced the

examination by assuming a "man down" position and insisting to see a physician "due to a medical emergency."  Doc. # 1 at 17:3-4.  As a result of this examination, Plaintiff was scheduled to see a specialist outside the prison.  The outside appointment occurred on or about September 9, 2015, and the "specialist concluded surgery was necessary."  Doc. # 1 at 17:8.

Plaintiff's eye surgery occurred on December 7, 2015, approximately five months after the initial injury and approximately three months after the need for the surgery was identified. Plaintiff alleges a number of aspects of Defendants' conduct between the injury and the surgery that unreasonably delayed the surgery.  Plaintiff alleges that at least a portion of the delay was imposed because Plaintiff refused to waive any potential causes of action arising from the initial injury or because Plaintiff used the prison appeals process to try to advance his eye surgery or to appeal the treatment decisions of Defendants.  Plaintiff alleges his vision remains compromised ("blurry") after the surgery and the damage is permanent. He also alleges he suffers continuing pain due to the injury.  Of some significance, Plaintiff does not put a name to the injury he suffered or to the type of surgery he underwent (except that it was eye surgery) nor does he allege, other than by inference, that the application of the clotomozole to his eyes cause the permanent injury.

Plaintiff's complaint alleges a total of seven claims for relief.  As will be discussed *infra*, Plaintiff's first claim for relief pursuant to 28 U.S.C. § 1983 appears to allege claims under the Eighth, First and possibly Fourteenth Amendments, although, as will be discussed *innfra*, critical aspects of these claims are not entirely clear.  Plaintiff's second and third claims allege negligence and negligent medical malpractice, respectively.  The fourth claim alleges negligent infliction of emotional distress.  Plaintiff's fifth claim for relief alleges negligent training and supervision although it is not clear whether the claim is pursuant to common law or pursuant to Monell.  Plaintiff's sixth and seventh claims for relief allege "state constitutional rights violations" and "civil conspiracy" although neither appears to allege a statutory vehicle for the claims.

1    Defendants' motion to dismiss was filed on November 1, 2016.  Plaintiff's opposition

2    was filed on November 18, 2016 and Defendants' reply was filed on November 22, 2016.  The

3    matter was taken under submission as of December 5, 2016.

4

5                                          **LEGAL STANDARD**

6

7

8

9    A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

10   can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient

11   facts under a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530,

12   533-34 (9th Cir.1984).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint

13   must set forth factual allegations sufficient "to raise a right to relief above the speculative level."

14   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly").  While a court

15   considering a motion to dismiss must accept as true the allegations of the complaint in question,

16   Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the

17   pleading in the light most favorable to the party opposing the motion, and resolve factual

18   disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S.

19   869 (1969), the allegations must be factual in nature.  See Twombly, 550 U.S. at 555 ("a

20   plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than

21   labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

22   do").  The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not

23   require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-

24   unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

25   The Ninth Circuit follows the methodological approach set forth in Iqbal for the

26   assessment of a plaintiff's complaint:

27

28       "[A] court considering a motion to dismiss can choose to begin by identifying
         pleadings that, because they are no more than conclusions, are not entitled to the

-4-

1
2
3

> assumption of truth.  While legal conclusions can provide the framework of a
> complaint, they must be supported by factual allegations.  When there are well-
> pleaded factual allegations, a court should assume their veracity and then
> determine whether they plausibly give rise to an entitlement to relief."

4
5

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

6

### DISCUSSION

7
8
9
10
11
12
13
14
15
16
17
18

At the outset, some general comments regarding the organization of Plaintiff's complaint are in order.  The court recognizes that the complaint was originally filed in Superior Court and that pleading standards and customs may differ between federal and state courts.  The court also realizes that, where a case is removed from a state court to this court, some reasonable balance should be struck between the application of pleading standards imposed by Rule 8 as interpreted by Iqbal and Twombly and state pleading standards such that reasonable inferences are made in the non-moving party's favor where appropriate.  The court has reviewed Plaintiff's complaint and has concluded that failure to meet Rule 8 standards is the dominant, although not the only, problem and that dismissal on that ground is warranted with regard to significant parts of Plaintiff's complaint.  Leave to amend will be granted.  For the most part, the following discussion is intended to facilitate further amendment of the complaint rather than to provide an incisive legal basis for the rejection of Plaintiff's claims.

19

**I.  Federal Claims – First Claim for Relief**

20
21
22
23
24
25
26
27

Rule 8(a)(2) Of the Federal Rules of Civil; Procedure requires a "claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed.R.Civ.P. 8(a)(2).  While detailed factual allegations are not necessary, it is well established that the claim be stated with sufficient specificity to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' [Citation.]"  Twombly, 550 US at 555 (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Courts in this circuit have consistently held that, in the context of civil rights claims pursuant to 42 U.S.C. § 1983, a plaintiff is required to "set forth with some specificity the acts allegedly depriving her of Constitutional rights, as well as the

28

nature of the constitutional rights involved in each instance."  Shakespeare v. Wilson, 40 F.R.D.
500, 504 (S.D. Cal. 1966).

Plaintiff's first claim for relief alleges constitutional violations against "all Defendants."
It begins at paragraph 19 with a two-page exposition quoting from the Fourteenth, Eighth and
First Amendments.  The nine paragraphs that comprise this part of Plaintiff's complaint have no
discernable purpose.  Violations of federal constitutional or statutory rights by state actors are
vindicated through 18 U.S.C. § 1983 if a plaintiff is able to allege facts to show "(1) that the
defendant acted under color of state law and (2) that the conduct deprived a person of rights,
privileges, or immunities conferred by the Constitution or laws of the United States.  Ctr. for
Legal Studies, Inc. v. Lindley, 64 F. Supp. 2d 970, 978 (D. Or. 1999) (citing West v. Atkins, 487
U.S. 42, 48, (1988); Daniels v. Williams, 474 U.S. 327 (1986)).  Padding a pleading for
constitutional violation with the text of the Amendment itself is a distraction from the required
succinct and concise statement of entitlement to relief that is required.

While it is permissible under federal pleading standards to allege alternative legal
theories for the violation of a single constitutional right in the same claim for relief; it is
generally not proper to allege different violations of different constitutional rights in a single
claim for relief.  Thus, Plaintiff's federal constitutional claims under the First, Eighth and
Fourteenth Amendments should be pled in separate claims for relief.  However, it is permissible
to, for example, plead alternative theories (for example interference and intimidation) in a single
claim for First Amendment violation.  In addition, Rule 8 requires that each defendant who is
being sued for a constitutional violation be placed on notice of the specific conduct that they are
alleged to have participated in that constitutes that violation.  Thus, for example, a violation of
the First Amendment cannot be alleged against "all Defendants" unless facts are alleged that
would, if proven, show *each* Defendant committed the violation under a legal theory that
applies to *each* Defendant.

Defendants' motion to dismiss Plaintiff's first claim for relief contends that Plaintiff has
failed to plead facts sufficient to support Eighth Amendment claims against Defendants Austria,
Agbayani, Garcia and Duncan.  Defendants' contentions are well taken; however, it seems to the

court that expending judicial resources on the specific flaws of Plaintiff's claims against individual Defendants sued under Plaintiff's first claim for relief would be a waste in view of the larger problem of vagueness and failure to provide adequate notice to individual Defendants. With the exception of NKSP which is an entity and not a "person" for purposes of section 1983, the court cannot say that, as a matter of law, there are no facts that could support Eighth Amendment claims against any particular individual Defendant.  Therefore, leave to amend Plaintiff's Eighth Amendment claims against each of the individual Defendants would properly be granted.

Plaintiff's First and Fourteenth Amendment claims are expressed at Paragraphs 45 and 46 of the complaint as follows:

> By refusing for many months to *grant* his appeal, and by finding numerous supposed flaws in his paperwork, Defendants frustrated Plaintiff's right to due process.  By acting as they did, Defendants also impaired Plaintiff's right to petition the government for redress of grievances and attempted to nullify it completely.  [¶]  By conditioning his transfer to a less oppressive prison environment on his signing a waiver of his claims against the Defendants, Defendants attempted to interfere with Plaintiff's access to the courts, in violation of the Privileges and Immunities Clause of the Fourteenth Amendment, the Due Process Clause of the same Amendment, and the First Amendment petition right.  And rights in this way, [sic] Defendants succeeded in further prolonging the violation of his Eighth Amendment rights.

Doc. # 1 at ¶¶ 45,46 (italics added).

Plaintiff's claims for violation of the First Amendment right to "access to the courts" or to "petition the government for redress of grievances" are unavailing because those claims do not make sense as pled.  Plaintiff cannot be said to have been denied access to the courts because in court is where Plaintiff's claims are.  Plaintiff does not allege he was impaired in any way from getting here.  Similarly, Plaintiff cannot claim he was denied the right to petition for redress of grievances because he does not allege he was *prevented* from alleging grievances through the prison system.  The fact the grievances were denied does not, as explained below, give rise to a constitutional claim.  Plaintiff's narrative description of the facts giving rise to this case provides the suggestion that Plaintiff may have intended to allege a First Amendment claim for retaliation.  To the extent that may have been Plaintiff's intent, the attempt to allege a

retaliation claim fails because Plaintiff has failed to give notice to the Defendants that they are being sued under that legal theory as required by Rule 8.

As to Plaintiff's Fourteenth Amendment claims, Defendants correctly point out there is no substantive right conferred by right to procedural due process under the Fourteenth Amendment.  The existence of a prison grievance procedure does not create any substantive rights enforceable under the Due Process Clause. See, e.g., Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) ("With respect to the Due Process Clause, any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause"); Doe v. Moore, 410 F.3d 1337, 1350 (11th Cir. 2005) ("State-created procedural rights that do not guarantee a particular substantive outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory. Consequently, an inmate does not have a right to any particular grievance procedure or result. See, e.g., Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure").

To the extent Plaintiff's reference to the "Privileges and Immunities Clause of the Fourteenth Amendment" is an attempt to plead a claim for violation of substantive due process rights under the Fourteenth Amendment, that claim must fail.  It is well established that the liability of a state actor alleged to have violated a right specifically protected by a constitutional amendment is judged according to the standards applicable to the specific constitutional amendment.  "'The first inquiry in any § 1983 suit' is 'to isolate the precise constitutional violation with which [the defendant] is charged.'  In most instances, that will be either the Fourth Amendment's prohibition against unreasonable seizures of the person, or the Eighth Amendment's ban on cruel and unusual punishments, which are the two primary sources of constitutional protection against physically abusive governmental conduct. The validity of the claim must then be judged by reference to the specific constitutional standard which governs that right, rather than to some generalized 'excessive force' standard." Graham v. Connor, 490 U.S. 386, 394 (U.S. 1989) (internal ellipsis and citations omitted).

As noted above, Plaintiff's first claim for relief is alleged against "all Defendants" including KVSP which, as noted, is not an individual and may not be sued under Section 1983. Plaintiff's opposition to Defendants' motion to dismiss contends that Plaintiff's complaint "in essence" alleges its constitutional claims against KVSP pursuant to <u>Monell v. Dep't Soc. Services.</u>  Plaintiff's argument is not persuasive on two grounds.  First, under <u>Monell,</u> a claim pursuant to section 1983 may be alleged against an *individual* who is responsible for an offending policy, practice, training or similar administrative function.  Section 1983 does not authorize a claim against a state entity, nor does it authorize vicarious liability.  Second, as noted above, Rule 8 does not accommodate pleading "in essence."  If Plaintiff intends to assert a claim pursuant to <u>Monell</u>, such claim must be clearly alleged and the individual against whom the claim is alleged must be identified.

Based on the above, the court finds that Plaintiff's first claim for relief for federal constitutional violations under section 1983 fails to state any claim upon which relief can be granted because the claim fails to meet the pleading standards set forth in Rule 8.  Plaintiff's first claim for relief will therefore be dismissed with prejudice as to NKSP and will be dismissed without prejudice as to all other Defendants.

**II.  Plaintiff's Non-Constitutional State Law Claims – Claims 2, 3. 4 and 5**

Defendants allege Plaintiff's state constitutional law claims are subject to dismissal because Plaintiff's claims do not comply with the California Tort Claims Act, Cal. Gov. Code §§ 900 et seq. (hereinafter, the "CTCA").  Defendants refer to documents contained in their motion for judicial notice to support their contention that, while Plaintiff did file administrative claims sufficient to meet the requirements of the Tort Claims Act with respect to claims 2,3,4 and 5, Plaintiff did not comply with the CTCA with regard to his claims pursuant to the California Constitution.  Defendants therefore do not contend that Plaintiff's state law claims are barred by reason of non-compliance with the CTCA.

Defendants point out correctly that "[c]ompliance with the CTCA's presentation requirement constitutes an element of a cause of action for damages against a public entity or official," Doc # 3-1 at 20:23-24 (citing <u>State v. Superior Court (bode)</u>, 32 Cal.4th 1234, 1244

(2004).  However, neither party addresses the implications of this requirement as regards Plaintiff's state law claims.  As noted above, Rule 8 requires that a plaintiff plead facts in the complaint that, if proven would demonstrate entitlement to relief.  Given that conformity with the CTCA is an element of a tort claim against a state entity or actor, it follows that a plaintiff is obliged to plead the fact of conformity with the CTCA in his or her complaint in order to successfully plead the elements of a claim under California tort law.  "[F]ailure to allege compliance with the [CTCA] renders the complaint subject to general demurrer."  <u>Wood v. Riverside General Hosp.</u>, 25 Cal.App.4th 1113, 1119 (4th Dist. 1994).  The court has reviewed Plaintiff's complaint and can find no facts alleged that would constitute or even suggest compliance with the CTCA.  Plaintiff's Claims numbered 2, 3, 4 and 5 will therefore be dismissed with leave to amend.

The court notes that Plaintiff has withdrawn state law claims for negligent supervision and training (claim 5) and that Plaintiff does not dispute Defendant's motion to dismiss Plaintiffs fourth claim for relief on the contention that the claim for negligent infliction of emotional distress, as alleged in claim 4, is encompassed within the second and third claims for relief.  The court wishes to emphasize at this point that the court's intention in dismissing Plaintiff's state law claims for failure to adequately allege compliance with the CTCA is only to facilitate the amendment of the complaint to meet minimum federal pleading standards.  In so doing, the court does not intend that any conclusions should be drawn regarding the court's opinion of the validity of other, more specific defenses asserted by Defendants.

**III.  Plaintiff's Claims for Violation of the California Constitution – Sixth Claim**

Plaintiff acknowledges that his claims for violation of provisions of California's Constitution are limited to those alleged or capable of being alleged pursuant to California Civil Code section 52.1.  Section 52.1(b) authorizes claims for relief by individuals who are denied the exercise of rights established by the Constitution or laws of the state of California, or whose rights are interfered with or where there is an attempt to interfere with such rights by means of coercion or threats of coercion.  The gist of Plaintiff's opposition to Defendants' motion to dismiss is, as the court understands it, that because Plaintiff's constitutional claims arise in the

context of his confinement in a state prison and because such confinement is inherently coercive, Plaintiff's constitutional claims are each cognizable under subsection 52.1(b).

To the extent it Plaintiff's contention that his claims of constitutional violation that are based on denials of requests, delays in response to grievances, delays in provision of services or transfer to a "less coercive" institution are actionable under subsection 52.1(b) merely by reason of having occurred in the prison setting, that contention is not persuasive.  The fact that Defendants may have "not respond[ed] to [Plaintiff's] requests, grievances and appeals are not 'threats intimidation or coercion' for purposes of § 53.1."  Brook v. Carey, 352 Fed.Appx 184, 185 (9th Cir. 2005).

As noted above, the court notes that Plaintiff's complaint alleges facts from which a claim for intimidation for exercise of First Amendment Rights is suggested but not actually alleged.  Since this claim would fit within the ambit of subsection 52.1(b), the court will dismiss Plaintiff's state constitutional claims with leave to amend.

**IV.  Plaintiff's Claim for Civil Conspiracy – Claim 7**

Plaintiff's opposition to Defendants' motion to dismiss acknowledges that a complaint for civil conspiracy must "articulate the elements of the independent torts or wrongs that formed the conspiracy's purpose.  Doc. # 5 at 24:9-10 (citing Okum v. Superior Court, 29 Cal.3d 442, 454 (1981).  Because Plaintiff's complain fails to allege any substantive claims for the reasons discussed above, it follows that Plaintiff's claim for civil conspiracy must be dismissed with leave to amend.

Of some significance, Plaintiff acknowledges that Defendants expressed concern as to whether the conspiracy claim was alleged pursuant to state or federal law to which Plaintiff answers that the civil conspiracy is pursuant to both state and federal law because "Plaintiff [has] pled the action broadly enough to encompass violations of both state and federal constitutional rights and [the complaint] can therefore be reasonably constructed as both a State and Federal Cause of Action."  Doc. 5 at 24:25-27.  This passage articulates most concisely Plaintiff's misunderstanding of federal pleading standards.  A complaint that meets Rule 8 standards alleges the claim or claims that it states explicitly; not the claims that might be inferred from the

facts.  No federal conspiracy claim was alleged because no federal statute authorizing such claim was alleged.  It is not the job of the Defendants or the court to anticipate legal theories for relief where none are made express.

THEREFORE, in accord with the foregoing, it is hereby ORDERED that:

1.  Plaintiff's first claim for relief is DISMISSED with prejudice as to Defendant KVSP.

2.  Plaintiff's first claim for relief is DISMISSED without prejudice as to all other Defendants.

3.  Plaintiff's claims two through seven are DISMISSED without prejudice as to all defendants.

4.  Any amended complaint shall be filed and served not less than thirty (30) days from the date of service of this order.

5.  If no amended complaint is served upon Defendants within the thirty-day time limit imposed by this order, Defendants shall so notify the court and shall move for dismissal of all claims with prejudice.

IT IS SO ORDERED.

Dated:   December 15, 2016          _____

                                         SENIOR  DISTRICT  JUDGE